IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-254-GLJ |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, RURAL ) | |
| DEVELOPMENT DIVISION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant United States Department of Agriculture's Motion for Summary Judgment [Docket No. 8]. Plaintiff, Brandy White, brought this action against Defendant, United States Department of Agriculture, Rural Development Division, alleging that Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to provide requested documents. Defendant moves for summary judgment on the basis that Plaintiff's claim is now moot as all of the requested documents have since been provided. For the reasons set forth below the Court finds that Defendant's Motion should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND**

In August 2023, Plaintiff became a tenant of the Silver Leaf Apartment Complex ("Silver Leaf"). Docket No. 2, p. 2. Silver Leaf participates in the United States Department of Agriculture ("USDA"), Rural Development Division's rental assistance program which provides subsidies to low-income families to assist with the payment of

rent and utilities. *Id.* Silver Leaf delivered a notice to pay or quit to Plaintiff in March 2024 demanding unpaid rent and utilities. *Id.* at p. 3. To defend against the allegations of non-payment, Plaintiff submitted a FOIA request to the USDA in April 2024 requesting "all information related to payments made by the USDA on behalf of Brandy White, for her unit at the Silver Leaf Apartments Complex in Haskell, Oklahoma, from August 2023 through the present time[.]" Docket Nos. 2-1 & 10-1.

Over two months later, on June 21, 2024, Quincy McKinney informed Plaintiff that her FOIA request was received and had been assigned a case number. Docket No. 2-9. Four days later Plaintiff requested that the documents be provided by June 28, 2025, because they were needed for a hearing set on July 1, 2025. Docket No. 2-10. No documents were provided. Docket No. 2-11. Plaintiff filed this suit on July 19, 2024, alleging that Defendant had violated FOIA. On July 24, 2025, the USDA Rural Development FOIA officer informed Plaintiff that her request had been processed and provided her redacted responsive records. Docket No. 8-1. Defendant moves for summary judgment[1] on the basis that this action is moot.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate if the record reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient

---

[1] Defendant initially filed its motion as a Motion to Dismiss. *See* Docket No. 8. However, because both Plaintiff and Defendant relied on materials outside of the pleadings, the Court converted the motion into a motion for summary judgment and provided the parties an opportunity to present any additional relevant evidence. Docket No. 18.

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986), with the evidence taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing the material cited does not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## ANALYSIS

"Congress enacted FOIA to promote public access to federal agency records and information upon request. Its purpose is 'to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'" *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1260 (10th Cir. 2021) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 221 (1978)) (internal citations omitted). Under FOIA, individuals are entitled to copies of a federal agency's records "upon making a request that 'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. F.B.I.*, 572 F.3d 794, 796-97 (10th Cir. 2009) (citing 5 U.S.C. § 552(a)(3)(A)(i)). Once a FOIA request is submitted, the agency is to determine within twenty business days whether it will comply with the request and shall notify the person making such request of its decision. 5 U.S.C. § 552(a)(6)(A)(i). If the agency chooses to comply, "the records shall be made promptly available." *Id.* § 552(a)(6)(C)(i). Conversely, if the agency decides it will not comply, the

requester may seek relief in federal court as district courts have the "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

In response to Plaintiff's request for documents, Defendant produced a twenty-four-page document titled "project worksheet" which lists, *inter alia*, Plaintiff's name, apartment number, "utility allowance," net tenant contribution, and the "RA Due Borr." Docket No. 11-1, pp. 4-27. In its reply brief Defendant explains, via the declaration of Byron Waters,[2] that the "RA Due Borr" category reflects "all the payments made on a monthly basis by the USDA to assist Plaintiff in residing in the Silver Leaf Apartments." Docket No. 11-1, p. 2.  Plaintiff contends Defendant's search for documents was inadequate (Docket No. 10) and that there must be more documents that exist because the worksheet "does not affirmatively provide any information about payments made by the Defendant to the complex" nor do the documents include "pay advices or other evidence of payment transmission made by the USDA to Silver Leaf Apartments." Docket No. 20, pp. 3-5.

In this regard, the Tenth Circuit has instructed that "the focal point of the judicial inquiry is the agency's search process, not the outcome of its search. 'The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate[,] . . . [which is determined under] a standard of reasonableness, and is dependent upon the circumstances of the case.'"

---

[2] Mr. Waters is employed by the USDA as the "Southern Regional Director, Field Operations Division, Rural Development[.]" Docket No. 11-1, p. 1.

*Trentadue*, 572 F.3d at 797-98 (10th Cir. 2009) (quoting *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)) (alterations in original).

FOIA actions are "typically and appropriately . . . decided on motions for summary judgment." *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 181 (D.D.C. 2021) (citing *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). Before Defendant can obtain summary judgment it "must show, viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg*, 745 F.2d at 1485). "Declarations and affidavits are the widely accepted, even the preferable, means for an agency to respond to concerns about the adequacy of a FOIA search. . . . 'In the absence of countervailing evidence or apparent inconsistency of proof, such affidavits will suffice to demonstrate compliance with the obligations imposed by the FOIA.'" *Trentadue*, 572 F.3d at 807 (quoting *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001)); *Rocky Mountain Wild, Inc. v. United States Forest Service*, 56 F.4th 913, 923 (10th Cir. 2022) ("[C]ourts generally resolve FOIA cases on summary judgment based on affidavits or declaration. Not to mention, we prefer that agencies use declaration or affidavits to ease concerns about a FOIA search's adequacy. And we apply a presumption of good faith to an agency's affidavits or declarations, which Plaintiff cannot rebut by merely speculating about the existence of other documents.") (internal citations omitted).

In this light, the Court finds that the declaration of Byron Water is insufficient to satisfy its burden. Although the declaration of Byron Waters indicates that all the records

in USDA possession have been produced, it contains no averments pertaining to the agency's search for documents and is not "'reasonably detailed . . . [or] set[s] forth the search terms and the type of search performed. . . .'" *Defenders of Wildlife*, 623 F. Supp. 2d at 92 (quoting *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 20 (D.D.C. 2004)). Thus, Defendant fails to show that its searches were "reasonably calculated to uncover all relevant documents[.]" *Id.*

Accordingly, a genuine dispute of fact remains as to whether Defendant's search was adequate, and Defendant's Motion for Summary Judgment is therefore denied without prejudice.[3] *See Beltranena*, 770 F. Supp. 2d at 187 (denying without prejudice because "even where—as here—an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits.'") (quoting *Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002)). Should the parties wish to submit any additional dispositive motions, they must do so by or before **April 14, 2025**. Otherwise, this matter will be promptly set for a bench trial. *See Harrison v. Federal Bureau of Prisons*, 681 F. Supp. 2d 76, 79 (D.D.C. 2010) ("[d]iscovery is not favored in lawsuits under the FOIA.") (internal quotations omitted); *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) ("[I]f there

---

[3] The Court declines to address whether Plaintiff is entitled to attorney fees, costs, or an award of a civil penalty under 5 U.S.C. § 552(a)(4)(B) as doing so would be premature at this time. *See* 5 U.S.C. § 552(E)(i) (noting the Court may award fees where Plaintiff "has substantially prevailed" by virtue of either "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.").

are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing.").

## CONCLUSION

Accordingly, for the reasons set forth herein, the United States Department of Agriculture's Motion for Summary Judgment [Docket No. 8] is hereby DENIED without prejudice. IT IS FURTHER ORDERED that any additional dispositive motions must be submitted by or before Monday April 14, 2025.

**IT IS SO ORDERED** this 14th day of March, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**