IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-254-GLJ |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, RURAL | ) |
| DEVELOPMENT DIVISION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant United States Department of Agriculture's Motion for Summary Judgment [Docket No. 26] and Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 27]. Plaintiff, Brandy White, brought this action against Defendant, United States Department of Agriculture, Rural Development Division, alleging that Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to provide requested documents. Defendant and Plaintiff move for summary judgment. For the reasons set forth below the Court finds that both motions should be DENIED.

### PROCEDURAL HISTORY AND BACKGROUND

In August 2023 Plaintiff became a tenant of the Silver Leaf Apartment Complex ("Silver Leaf"). Docket No. 2, p. 2. Silver Leaf participates in the United States Department of Agriculture ("USDA"), Rural Development Division's rental assistance program which provides subsidies to low-income families to assist with the payment of

rent and utilities. *Id.* Silver Leaf delivered a notice to pay or quit to Plaintiff in March 2024 demanding unpaid rent and utilities. *Id.* at p. 3. The undisputed facts reveal Plaintiff submitted a FOIA request to the USDA on April 10, 2024, requesting "all information related to payments made by the USDA on behalf of Brandy White, for her unit at the Silver Leaf Apartments Complex in Haskell, Oklahoma, from August 2023 through the present time[.]" Docket Nos. 2-1, 26-1, & 26-3. Over two months later, on June 21, 2024, Quincy McKinney informed Plaintiff that her FOIA request was received and had been assigned a case number. Docket No. 2-9; Docket No. 29. At p. 1. Plaintiff followed up with the USDA on several occasions, but no documents were provided. Docket Nos: 2-10, 2-12; & 27.

Plaintiff filed this suit on July 19, 2024, alleging Defendant violated FOIA. Docket No. 2. Six days later, on July 24, 2024, the USDA informed Plaintiff that her request had been processed. Plaintiff was provided redacted responsive records, identified as a "project worksheet." Docket Nos. 11-1 & 27. Defendant moved to dismiss this action in August 2024 asserting this action was moot because all responsive documents had been provided. The motion to dismiss was subsequently converted into a motion for summary judgment which was denied without prejudice in December 2024.

Defendant now moves for summary judgment again asserting this action is moot as Plaintiff has received the requested documents. Docket No. 26. Conversely, Plaintiff moves for summary judgment and attorney's fees on the basis that (i) Defendant violated FOIA by not making the requested records promptly available to her, and (ii) Defendant did not

conduct an adequate search for records. Docket No. 29 The Court finds neither party is entitled to summary judgment and denies both motions.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate if the record reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986), with the evidence taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing the material cited does not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## ANALYSIS

"Congress enacted FOIA to promote public access to federal agency records and information upon request. Its purpose is 'to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'" *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1260 (10th Cir. 2021) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 221 (1978)) (internal citations omitted). Under FOIA, individuals are entitled to copies of a federal agency's records "upon making a request that 'reasonably describes such records'

and that complies with required procedures for such requests." *Trentadue v. F.B.I.*, 572 F.3d 794, 796-97 (10th Cir. 2009) (citing 5 U.S.C. § 552(a)(3)(A)(i)). Once a FOIA request is submitted, the agency is to determine within twenty business days whether it will comply with the request and shall notify the person making such request of its decision. 5 U.S.C. § 552(a)(6)(A)(i). If the agency chooses to comply, "the records shall be made promptly available." *Id.* § 552(a)(6)(C)(i). Conversely, if the agency decides it will not comply, the requester may seek relief in federal court as district courts have the "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

### I.     LCvR 56.1(e)

As an initial matter, Plaintiff requests the Court accept her statement of material facts as undisputed considering Defendant's failure to comply with LCvR 56.1(e). Pursuant to this Court's local rules, the facts set forth in a motion for summary judgment "shall begin with a section stating the material facts to which the movant contends no genuine dispute exists." LCvR 56.1(b). A response brief opposing a motion for summary judgment "shall begin with a section responding, *by correspondingly numbered paragraph*, to the facts that the movant contends that are not in dispute and shall state any fact that is disputed." LCvR 56.1(c) (emphasis in original). Where the nonmoving party fails to specifically controvert the material statement of facts as set forth in the local rules, "[a]ll material facts . . . . of the movant *may* be deemed admitted for the purpose of summary judgment[.]" LCvR 56.1(e) (emphasis added).

Defendants' response to Plaintiff's Motion for Summary Judgment fails to specifically respond to or address the undisputed facts in the manner contemplated. However, because this case comes before the Court on cross-motions for summary judgment and a review of the briefing for both motions clearly reveals the disputed facts from Defendant's perspective, the Court declines to adopt the undisputed facts as set forth in Plaintiff's Motion for Summary Judgment and resolve this matter on a procedural technicality.

II.     **Defendant's Motion for Summary Judgment**

A FOIA claim becomes moot "[o]nce the government produces all the documents a plaintiff requests[.]" *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1382, 1384 (10th Cir. 1993). "The focal point of the judicial inquiry is the agency's search process, not the outcome of its search. 'The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate[.]" *Trentadue*, 572 F.3d at 799. The Tenth Circuit applies a reasonableness standard in assessing "how hard an agency must look to find requested records[.]" *Id.* at 797-99. To establish reasonableness, agencies routinely rely on affidavits or declarations to determine whether an agency has fulfilled its FOIA duties. *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 923 (10th Cir. 2022).

"To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavit for a court to determine if the search was inadequate." *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). The agency's affidavits or declarations must be "reasonably detailed . . . setting

forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched[.]" *Oglesby v. U.S. Dep't. of Army*, 920 F.2d 57, 68 (D.D.C. Dec. 4, 1990); *Williams v. U.S. Att'ys Office*, 2006 WL 717474, at *4 (N.D. Okla. Mar. 16, 2006); *Spring v. U.S. Att'y for the N. Dist. of Okla.*, 2015 WL 6627821 (N.D. Okla. Oct. 30, 2015). The agency affidavits are entitled to a good faith presumption and can only be rebutted by "specific nonspeculative, countervailing evidence or evidence of inconsistencies to rebut the good-faith presumption." *Rocky Mountain Wild, Inc.*, 56 F.4th at 922. It is insufficient for Plaintiff to "merely speculat[e] about the possibility of other documents somewhere." *Id.*

To show the sufficiency of its search, Defendant submitted an affidavit by Byron W. Waters, "the regional director of the Field Operations Division, Southern Region, in the Multi-Family Housing unit." Docket No. 26-1, at p.1 Mr. Waters has worked for the USDA for nineteen years, and his duties include overseeing searches for records requested pursuant to FOIA. *Id.* The USDA conducted a search for records for "information for payments made for rent and utilities for Ms. White." *Id.* Based on this request members of Mr. Waters staff conducted a search for records on July 1, 2024, and Mr. Waters "identified that the only information which related to the requested search parameters could be found in the Project Worksheet . . . produced for Silver Leaf II Apartments beginning with the first month of Brandy White's residence, August 2023, and continuing for each month of her residence thereafter until April 2024." *Id.* at p. 2.

Critically, the affidavit fails to identify the agency's search terms, the type of search performed, and does not aver that all files likely to contain responsive materials were

searched. *See Oglesby*, 920 F.2d at 68. Instead, the affidavit conclusory asserts that the USDA "performed a search for records" related to Plaintiff's request and that Mr. Waters directed USDA staff to search for records *he* identified as responsive, which was the Project Worksheet. Docket No. 26-1. It provides no insight into the search itself nor how Mr. Waters identified the responsive information. Courts have found more detailed affidavits insufficient to establish an agency's search was adequate beyond a material doubt. *Defenders v. Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. June 11, 2009) ("The declaration . . . explains that . . . DHS searched for responsive records in various locations. Specifically, DHS searched its Office of Legislative Affairs, its Executive Secretariat and its Office of Safety and Environmental Programs for responsive records. . . . The declaration is deficient, however, in that it gives no details about the scope or methods of the searches conducted in these three locations. Ms. Whitnell does not explain whether the searches were made in these offices' paper files, electronic files, or both. Nor does she provide any details about the offices' filing methods or the search terms used. The declaration simply states that searches were conducted."); *Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 370 (D.C. Cir. 1980) (finding affidavit asserting agency "ha[s] conducted a review of [agency] files which would contain [responsive] information," without describing the approach of the search or identifying files searched, insufficiently detailed to permit summary judgment). Accordingly, genuine issues of material fact remain as to whether Defendant's search for responsive records was adequate. Thus, Defendant's Motion for Summary Judgment is denied.

### III.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment arguing there remains no genuine issue of material fact that Defendant violated FOIA because Defendant failed to (i) conduct an adequate search, and (ii) provide responsive records in a prompt manner. The Court finds both arguments unpersuasive.

Plaintiff's FOIA request was submitted on April 10, 2024, and requested "all information related to payments made by the USDA on behalf of Ms. White . . . from August 2023 through the *present time.*" Docket No. 2-1. Plaintiff now contends that "present time" did not mean the date of the FOIA request but instead meant through the date of production and, thus, because Mr. Waters' affidavit indicates the search was limited to records through April 10, 2024, Defendant's search was *per se* inadequate. Plaintiff cites to no authority in support of this contention and the Court is not persuaded that Defendant is obligated to produce any relevant documents that may have arisen after the date of the FOIA request.

Plaintiff next asserts that she is entitled to summary judgment because Mr. Waters' affidavit is inadequate as a matter of law because it fails to identify the search terms used, aver that all files likely to contain response records were searched, and because it indicates more documents exist. However, just as Mr. Waters' affidavit is insufficient to support a finding of summary judgment in Defendant's favor, it is insufficient to support a finding of summary judgment in Plaintiff's favor. Indeed, Mr. Waters' affidavit fails to identify the precise steps Defendant took, or did not take, in searching for responsive records. Additionally, to the extent Plaintiff contends that Mr. Waters' affidavit indicates more

responsive documents exist, the Court has not identified any such language in Mr. Waters' affidavit and Plaintiff fails to cite the language in support of this argument. Accordingly, when viewing the record in the light most favorable to Defendant, the Court finds there is a genuine factual dispute as to whether Defendant conducted an adequate or inadequate search for records and, thus, neither Defendant nor Plaintiff is entitled to summary judgment on this issue.

Lastly, because it remains undetermined whether Defendant's search for records was adequate, Plaintiff is not entitled to summary judgment on the basis that Defendant's production was untimely. In the event it is determined Defendant's search was adequate and the "project summary" was the only responsive document, it is clear FOIA "does not provide an after-the-fact remedy once documents have been released, *however* tardily." *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 69 (D.D.C. 2003) (emphasis added); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982 ("However fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform. . . . [A] federal court is authorized only to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld. . . .' Thus, once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); *Putnam v. U.S. Army Review Bd. Agency*, 2023 WL 6380005, at *4 (W.D. Okla. Sept. 29, 2023 ("More significantly, Plaintiff does not explain how a now-resolved delay in the release of records is, standing alone, an actionable FOIA violation."). For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is

denied, Defendant's Motion for Summary Judgment is denied, and the Court declines to address Plaintiff's request for attorney's fees at this juncture.

## CONCLUSION

Accordingly, the United States Department of Agriculture's Motion for Summary Judgment [Docket No. 26] and Plaintiff's Motion for Summary Judgment, and Brief in Support [Docket No. 27] are hereby DENIED as a genuine dispute of fact remains as to whether Defendant's search was adequate. Although FOIA actions are normally resolved on motions for summary judgment, this action will proceed promptly to a bench trial. *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) ("[I]f there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing.").

**IT IS SO ORDERED** this 24th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**