**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRANDY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-254-GLJ |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE, RURAL | ) | |
| DEVELOPMENT DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Brandy White brought this action against Defendant United States Department of Agriculture, Rural Development Division ("USDA"), alleging that Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to provide requested documents and conduct an adequate search for documents. On January 21, 2026, the Court held a bench trial to resolve whether Defendant conducted an adequate search for records. The Court has thoroughly considered the relevant law, evidence, and the arguments presented at trial, and now makes the following findings of fact and conclusions of law in accordance with Fed. R. Civ. P. 52(a). For the reasons set forth herein, the Court enters judgment for Defendant and against Plaintiff on all claims.

**I.     Stipulations**

1. On April 10, 2024, Plaintiff requested documents from the USDA pursuant to FOIA.

2. Plaintiff sent e-mails inquiries to the USDA from May 2024 through July 2024 to inquire into the status of her FOIA request.

-1-

3. Plaintiff received spreadsheets from the USDA on July 25, 2024. [1]

4. The USDA did not provide documents within the statutorily required twenty working days.

## II.    Findings of Fact

1. In late 2023 through early 2024, Plaintiff Brandy White was a resident of the Silver Leaf II Apartments ("Silver Leaf") located in Haskell, Oklahoma.

2. Silver Leaf participates in the USDA's rental assistance program, which provides subsidies to low-income families to assist with the payment of rent and utilities.

3. Shortly after moving into Silver Leaf, Plaintiff had a change in income and a change in family status.

4. Plaintiff reported these changes to Silver Leaf but not the USDA.

5. In early 2024 Silver Leaf initiated an eviction action against Plaintiff for rent owed as Plaintiff was either not paying at all or paying less than what was alleged to be owed.

6. Based on the change in income and family status, Plaintiff believed her monthly amount owed to Silver Leaf should have been reduced.

7. On April 10, 2024, Plaintiff's counsel, via e-mail, requested documents pursuant to FOIA and requested "all information related to payments made by the USDA on behalf of Ms. White, for her unit at the Silver Leaf Apartments complex[.]" Pl.'s Hr'g Ex. 1, at p. 1.

---

[1] These spreadsheets are the "Multi-Family Information System Project Worksheet" discussed *infra*. Despite stipulating to receiving these spreadsheets on July 25, 2024, Pl.'s Hr'g Ex. 13 reflects that these exhibits were produced on July 24, 2024.

8. Plaintiff's counsel received no response and sent follow-up e-mails on May 22, 2024, and June 10, 2024.  Pl.'s Hr'g Exs. 2 & 3.

9. On June 10, 2024, the USDA advised Plaintiff that the FOIA request was being processed. Pl.'s Hr'g Ex. 4.

10. Plaintiff followed up again two days later inquiring as to when she may expect to receive the results of the FOIA request. Pl.'s Hr'g Ex. 5.

11. On June 13, 2024, the USDA informed Plaintiff that the FOIA request was received. Pl.'s Hr'g Ex. 6.

12.  Eight days later, on June 21, 2024, the USDA sent Plaintiff a confirmation e-mail and letter indicating that the response was received on April 10, 2024. Pl.'s Hr'g Exs. 7 & 8.

13. The letter stated Plaintiff's request was placed in the complex track and that the USDA "will have to coordinate with other offices to provide [Plaintiff] with a comprehensive response[.]" Pl.'s Hr'g Ex. 8.

14. Plaintiff responded to the e-mail on June 25, 2024, indicating that she needed the information for a July 1, 2024, hearing and requested the information be provided by the upcoming Friday. Pl.'s Hr'g Ex. 9.

15. The documents were not provided by that Friday, and Plaintiff sent an e-mail on July 3, 2024, requesting the documents be provided by July 9, 2024. Pl.'s Hr'g. Ex. 10.

16.  No response or documents were received by July 9, 2024, and Plaintiff sent another e-mail indicating that she will be pursuing judicial intervention. Pl.'s Hr'g Ex. 11.

17. On July 19, 2024, Plaintiff filed her Complaint in this action alleging Defendant violated FOIA. Pl.'s Hr'g Ex. 18; Docket No. 2.

18. Defendant was served summons for this action on **July 26, 2024**, but the return of service was not filed on this Court's docket until February 5, 2026. Docket No. 61.

19. On **July 24, 2024**, Defendant e-mailed Plaintiff the documents responsive to her FOIA request. Pl.'s Hr'g Ex. 13, at p. 1.

20. The provided documents consisted of worksheets titled "Multi-Family Information System (MFIS) Project Worksheet." Pl.'s Hr'g Ex. 13, at p. 2.

21. The worksheets contain nineteen columns, pertinent here are the columns titled: "Basic Rent," "GTC," "NTC," "Utl Alw," and "RA Due Borr." Pl.'s Hr'g Ex. 13, at pp. 2-25.

22. The only row of the worksheet that is not redacted contains information pertaining to Plaintiff. *Id.*

23. The column "Basic Rent" lists Plaintiff's standard rent for the month. Pl.'s Hr'g Ex. 15, at pp. 1-2.

24. The column "GTC" lists the "Gross Tenant Contribution," *i.e.*, the amount owed by Plaintiff inclusive of rent and utilities, based on a USDA formula that considers Plaintiff's income. *Id.* at p. 2.

25. The "Utl Alw" sets forth the utility allowance, subsidized by Defendant, for Plaintiff. *Id.*

26. The "NTC" column is the "Net Tenant Contribution" as calculated by subtracting the utility allowance from the gross tenant contribution. This is the amount Plaintiff is required to pay each month in rent to Silver Leaf. *Id.*

27. The "RA Due Borr" is the rental assistance due to the borrower, *i.e.*, Silver Leaf, as calculated by taking the difference between the Basic Rent and the NTC.[2] *Id.*

28. The RA Due Borr column reflects what the USDA paid to Silver Leaf on Plaintiff's behalf for any given month.

29. The worksheet provided the above information for every month between August 2023 and July 2024, excluding June 2024. Pl.'s Hr'g Ex. 13.[3]

30. The MFIS worksheet is generated after the owner of the multi-family residence, in this case Silver Leaf, electronically transmits information regarding a tenant's income and eligibility via the "Management Interface Network Connection." Pl.'s Hr'g Ex. 17, at p. 18; Waters Dep. 69:4-23

31.  This information is transmitted electronically to MFIS and used to determine the rental assistance owed to Silver Leaf for a particular month for a particular tenant. Pl.'s Hr'g Ex. 17 at p. 18; Waters Dep. 70:8-15.

32. MFIS then generates a sum of all the individual tenants' accounts and automatically transfers this data to the automatic multi-family accounting system ("AMAS"), which is overseen by the USDA's national servicing office. Pl.'s Hr'g Ex. 17 at p. 19; Waters Dep. 76:21-25, 77:19-23, & 79:9-24.

---

[2] At trial Plaintiff testified, in response to the Court's questioning, that the "RA Due Borr" category reflected what she paid monthly in rent. Given Mr. Waters' position in the USDA, the Court finds his explanation as to what each category of the worksheet reflects more credible. *See* Pl.'s Hr'g Ex. 15. To the extent Plaintiff claims that Silver Leaf was overcharging her for rent and utilities, that is an issue beyond the scope of this lawsuit.

[3] On June 3, 2025, the USDA provided a supplement which included "expanded search results." This appears to be the same worksheet that was provided on July 24, 2024, spanning the same set of dates. Pl.'s Hr'g Ex. 14.

33. Using this information, funds are sent to Silver Leaf for the sum total of rental assistance subsidized considering all of Silver Leaf's tenants. Pl.'s Hr'g Ex. 17, at p. 20; Waters Dep. 79:1-24.

34. Byron Waters, the Regional Director of the Field Operations Division of the USDA, Southern Region, received Plaintiff's FOIA request around June 2024. Pl.'s Hr'g Ex. 17, at p. 10; Water's Dep. 38:12-20.

35. Mr. Waters testified, based on the parameters of Plaintiff's FOIA request, he and/or his staff identified the project worksheets held in MFIS for the time period between August 2023 and April 2024 as the only responsive documents. Pl.'s Hr'g Ex. 16, at p. 21; Waters Dep. 84:10-15.

36. No search terms were needed to identify the documents responsive to Plaintiff's FOIA request because, due to the nature of the request and Mr. Water's experience, the MFIS worksheet was the only responsive document as it retrieves the information pertaining to the payments made to Silver Leaf by the USDA on Plaintiff's behalf for a particular month. Pl.'s Hr'g Ex. 19, at p. 22; Waters Dep. 85:3-25 & 86:1-21.

37. There is no information in the AMAS system that pertains specifically to Plaintiff as the AMAS system aggregates the amount payable to Silver Leaf on behalf of all tenants. Pl.'s Hr'g Ex. 19, at p. 20; Waters Dep. 78:5-6 & 79:1-24.

### III.    Conclusions of Law

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552 and 28 U.S.C. §§ 1331 & 1346.

2. Under FOIA, individuals are entitled to copies of a federal agency's records "upon making a request that 'reasonably describes such records' and that complies with

required procedures for such requests." *Trentadue v. F.B.I.*, 572 F.3d 794, 796-97 (10th Cir. 2009) (citing 5 U.S.C. § 552(a)(3)(A)(i)).

3. Once a FOIA request is submitted, the agency must determine within "20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request[.]" 5 U.S.C. § 552(a)(6)(A)(i).

4. A plaintiff in a FOIA action must prove by a preponderance of the evidence that "an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 137-38 (1980).

5. A FOIA claim becomes moot "[o]nce the government produces all the documents a plaintiff requests[.]" *Anderson v. U.S. Dep't of Health & Hum. Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993).

6. Once all requested documents are surrendered, "however fitful or delayed the release of information under the FOIA[,]" . . . federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 69 (D.D.C. July 24, 2003) (FOIA "does not provide an after-the-fact remedy once documents have been released, however tardily.").

7. In responding to a FOIA request, an agency's search for records need "only be 'reasonable' in scope and intensity." *Trentadue*, 572 F.3d at 797 (citing 5 U.S.C. § 552 (a)(3)(C)).

8. "The focal point of the judicial inquiry is the agency's search process, not the outcome of its search. 'The issue is *not* whether any further documents might conceivably exist

but rather whether the government's search for responsive documents was adequate[.]'" *Trentadue*, 572 F.3d at 799 (quoting *Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).

9. To establish reasonableness, agencies routinely rely on affidavits or declarations to determine whether an agency has fulfilled its FOIA duties. *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 923 (10th Cir. 2022).

10. Generally, these affidavits must "set[] forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched[.]" *Oglesby v. U.S. Dep't. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

11. "An agency's failure to find a specific document does not render a search inadequate or unreasonable. Nor is it the agency's job to conduct a 'fishing expedition and comb through every single file.'" *US Right to Know v. Nat'l v. Nuclear Sec. Admin.*, 721 F. Supp. 3d 1198, 1207 (D.N.M. Feb 29, 2024) (citing *Dale v. IRS*, 238 F. Supp. 3d 99, 105 (D.D.C. Nov. 20, 2002)).

12. Ultimately, "[t]he reasonableness of an agency's search turns on 'the likelihood that it will yield the sought-after information, the existence of readily available alternatives, and the burden of employing those alternatives.'" *Trentadue*, 572 F.3d at 799 (quoting *Davis v. Dep't of Just.*, 460 F.2d 92, 105 (D.C. Cir. 2006)).

13. Although no search terms were utilized to identify the responsive documents, the Court finds Defendant's search for records was reasonable given the nature of Plaintiff's request, the USDA's record-keeping practices, and the type of information stored on the MFIS and AMAS systems.

14. The Court finds Plaintiff fails to demonstrate by a preponderance of the evidence that Defendant improperly withheld agency records and conducted an inadequate search.

15. Thus, Judgment should be entered in favor of Defendant and against Plaintiff.

16. Even so, a plaintiff in a FOIA action is eligible for an award of attorney's fees, but only where it is shown she has "substantially prevailed on her claim." *Anderson*, 80 F.3d at 1504 (citing 5 U.S.C. § 552(a)(4)(E)(i)).

17. "A complainant has substantially prevailed if the complainant has obtained relief through either (i) a judicial order, or an enforceable written agreement or consent decree; or (ii) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

18. To show she has "substantially prevailed" Plaintiff must show "the lawsuit was reasonably necessary and substantially caused the requested records to be released." *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998).

19. "[T]he mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." *Cordrea v. ATF*, 272 F. Supp. 3d 49, 53 (D.D.C. 2017) (quoting *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984)).

20. "[T]he plaintiff has the burden of showing that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Grand Canyon Tr. v. Bernhardt*, 948 F.3d 94, 97 (D.C. Cir. 2020) (internal quotations and citations omitted).

21. The evidence reveals Defendant had begun processing Plaintiff's request prior to the initiation of this lawsuit, submitted the documents to Plaintiff prior to being served

summons, and, although the records were untimely, Plaintiff set forth no evidence that Defendant did not intend to produce the requested records.

22. Thus, the Court finds Plaintiff is not entitled to an award of attorney's fees. *See WhiteCar v. U.S. Dep't of Veterans Affs.*, 2020 WL 13578381, at *4 (D. Wyo. May 12, 2020) ("In the absence of any indication by the VA that it did not intend to produce Plaintiff's medical records pursuant to the pending Privacy Act request, the Court simply cannot conclude Plaintiff's FOIA lawsuit was "necessary for [the] attainment of the requested document."") (citing *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 388 (D.D.C. 2018) ("[T]he evidence submitted by the plaintiff in support of its fee motion makes clear that both the DOI-OS and BLM had begun processing the plaintiff's request well before this lawsuit was initiated and that both agencies had even made partial releases to the plaintiff before the complaint was filed."), aff'd sub nom. *Grand Canyon Tr. Berhardt*, 948 F.3d 94 (D.C. Cir. 2020)).

23. Accordingly, the Court finds in favor of Defendant and finds Plaintiff is not entitled to an award of fees.

IT IS THEREFORE ORDERED that Judgment should be entered against Plaintiff Brandy White and in favor of Defendant United States Department of Agriculture, Rural Development Division.

IT IS SO ORDERED this 31st day of March, 2026.

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE